**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                              **4:05-CR-00291-WRW**

**HUBERT LEE RAMAGE**

## ORDER

Pending is Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582(c) (Doc. No. 27), based on the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.

Defendant pled guilty to felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) and § 924(e).[1] Defendant was sentenced on March 30, 2007, to 188 months in prison followed by 3 years supervised release.[2]

Not every person sentenced for a crack cocaine offense is eligible for consideration for a sentence reduction.[3] Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.G. § 2D1.1, are potentially eligible. If a defendant was not sentenced based on the drug quantity table, there is no basis for the Court to exercise its discretion to grant a sentence reduction.[4]

---

[1] Doc. No. 19.

[2] Doc. No. 22. Based on a total offense level of 31 and a criminal history category of VI, Defendant's guideline imprisonment range was 188 to 235 months.

[3] *See* U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement) (March 3, 2008).

[4] U.S.S.G. § 1B1.10(a)(1).

Defendant's sentence was not determined based on the drug quantity table,[5] but rather on his status as a "armed career criminal" under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. As an "armed career criminal," Defendant's base offense level of 34 was determined by U.S.S.G. § 4B1.4(b)(3)(A).[6] Thus, the crack cocaine amendment does not apply to Defendant, because the calculation of his base offense level was determined by his "armed career criminal" status, rather than the drug quantity table.

## CONCLUSION

After reviewing the case file and based on the findings of fact and conclusions of law above, Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582(c) (Doc. No. 27) is DENIED.

IT IS SO ORDERED this 25th day of April, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[5] The PSR section discussing calculations before the Chapter 4 enhancement is applied mentions a 4-point increase because Defendant possessed the firearm in connection with another felony offense (possession of crack cocaine). See U.S.S.G. 2K2.1(b)(6). However, the 4-point increase was not crack cocaine specific, since possession of *any* illegal drug in connection with the firearm offense would have resulted in a 4 point increase. The application of the Chapter 4 enhancement made this section inapplicable.

[6] Defendant received a base offense level of 34 rather than 33 because he possessed the firearm in connection with a controlled substance offence. The type of controlled substance was irrelevant.

2